**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**
(***ELECTRONICALLY FILED***)

**CIVIL ACTION NO. _____**

**ANGELA GERACI, f/k/a ANGELA MCCARTHEY**                                      **PLAINTIFF**
**3953 Sherbourne Drive**
**Independence, KY 41051**

**v.**

**EQUIFAX, INC.**                                                                                            **DEFENDANT**
**SERVE BY CERTIFIED MAIL:**
**The Prentice Hall Corporation System**
**421 West Main Street**
**Frankfort, KY 40601**

---

**COMPLAINT WITH JURY DEMAND**

---

Comes now the Plaintiff, Angela Geraci (f/k/a Angela McCarthey and hereinafter "Plaintiff"), by and through counsel, and for her Complaint against Equifax, Inc.(hereinafter referred to as "Defendant"), and hereby states as follows:

**<u>PARTIES</u>**

1.     Plaintiff is a resident of Kenton County, Kentucky living at 3953 Sherbourne Drive, Independence, KY 41051.

2. The Credit Reporting Agencies and Furnishers are collectively herein referred to as "Defendants." The Defendant is a foreign corporation authorized to do business in Kentucky with substantial operations within Kentucky and is therefore subject to personal jurisdiction in the Commonwealth of Kentucky.

**JURISDICTION AND VENUE**

3. Jurisdiction over this action is conferred upon this Court pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law cause of action pursuant to 28 U.S.C. § 1367. Venue is proper in this district as Plaintiff lives here and the damage to Plaintiff's credit was incurred here.

**FACTS**

4. On or about November 13, 2005, Plaintiff's late husband, Chris McCarthey, committed suicide, leaving Plaintiff with two young children, ages two and four.

5. Prior to his death, Chris McCarthey accumulated a large debt without Plaintiff's knowledge or consent by applying for, signing for, and/or opening multiple lines of credit in Plaintiff's name.

6. Since the death of her late husband, Plaintiff has attempted to contact each and every creditor regarding the repayment of any open accounts. As a result, Plaintiff has successfully reached agreements for the settlement of many of the accounts.

7. On or about January of 2006, Plaintiff paid $10,930.92 as previously agreed to release her with prejudice of all claims known or unknown in full settlement of her account with The Home Depot.

8. The Defendant continued to publish credit reports to numerous different and separate persons and organizations which failed to reflect the settlement of Plaintiff's account.

9. On or about May 17, 2007, Plaintiff directly notified the Defendant by written letter, dated May 17, 2007 and attached as Exhibit "A". This letter was also addressed to another credit reporting agency, Trans Union, L.L.C. (hereinafter referred to as "TransUnion"), not named as a defendant to this action. The letter dated May 17, 2007 disputed the completeness and/or accuracy of an item of information contained in Plaintiff's credit report published by each of the Defendant individually, jointly, and/or severally.

10. On or about June 20, 2007, TransUnion responded by written letter to Plaintiff's written letter, dated May 17, 2007. TransUnion's written letter dated June 20, 2007, reported the results of its reasonable investigation into Plaintiff's dispute and acknowledged that the disputed information had been identified as disputed by Plaintiff in TransUnion's report of Plaintiff's credit. TransUnion's actions were compliant with the provisions of the Fair Credit Reporting Act *15 U.S.C.S. § 1681*.

11. The Defendant has willfully and flagrantly failed to correct the mistake on Plaintiff's credit report and/or has not responded to Plaintiff's letter, dated May 17, 2007 and attached as Exhibit "A", regarding the disputed information.

12. In addition to the foregoing, Defendant's wrongful acts, omissions and conduct had the effect of casting the Plaintiff in a false and highly derogatory light.

13. As a direct and proximate result of the Defendant's above-described conduct, Plaintiff has been grievously and severely damaged in her creditworthiness, including her purchasing power and her eligibility for loans, causing her to suffer and endure and continue

to suffer and endure, mental anguish, anxiety, embarrassment, humiliation, and aggravated annoyance. As such, Plaintiff is entitled to recover actual and compensatory damages and reasonable attorney's fees from the Defendant for their above-described acts, conduct and communications pursuant to *15 U.S.C.S. § 1681o*.

14. In addition to the foregoing, the acts, conduct, communications and transmissions by the respective Defendant were willfully non-compliant with the Fair Credit Reporting Act and demonstrate a knowing, intentional and conscious disregard for Plaintiff's rights as a consumer. As such, Plaintiff is entitled to recover punitive damages from the Defendant for their above-described acts, conduct and communications.

## COUNT ONE

### DEFENDANT'S FAILURE TO CONDUCT A REASONABLE REINVESTIGATION

15. For her Complaint under the Fair Credit Reporting Act (*FCRA 15 U.S.C.S. 1681*), Plaintiff restates and incorporates each and every allegation contained in Paragraphs 1 through 14, above, as if expressly rewritten herein.

16. Prior to the institution of this action, and continuing to the present date, the Defendant published on numerous separate occasions to different and separate persons and organizations, false and libelous information concerning the Plaintiff and her credit history, in violation of the Federal Fair Credit Reporting Act.

17. The Defendant prepared a consumer credit report concerning Plaintiff's financial activity and failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in its credit report, thereby failing to comply with the provisions of *15 U.S.C.S. 1681e(b)*.

18. Upon direct notification of Plaintiff's dispute of the accuracy of the information contained in her credit report, the Defendant failed to conduct a reasonable reinvestigation to determine whether the disputed information was accurate.

19. As a result of, and proximately caused by, the Defendant's failure to comply with the provisions of the Fair Credit Reporting Act, described in the preceding paragraphs, Plaintiff has suffered damages, including but not limited to actual damages, out of pocket losses, injury to creditworthiness and reputation, embarrassment, humiliation and mental distress. Thus, Plaintiff is entitled to recover costs and attorney's fees from the Defendant, in an amount to be determined by the Court pursuant to *15 U.S.C.S. 1681o*.

20. Further, the Defendant's willful noncompliance with the Fair Credit Reporting Act, *15 U.S.C.S. 1681e*, and knowing and intentional disregard for Plaintiff's consumer rights necessitates the imposition of punitive damages under *15 U.S.C.S. 1681n*.

## COUNT TWO

### DEFENDANT'S FAILURE TO RECORD THE CURRENT STATUS OF THE DISPUTED INFORMATION

21. Plaintiff restates and incorporates each and every allegation contained in Paragraphs 1 through 20, above, as if expressly rewritten herein.

22. Upon direct notification of Plaintiff's dispute of the accuracy of the information contained in her credit report, the Defendant failed to clearly note that the information was in dispute within thirty (30) days of being notified of the dispute by written letter, and have failed to do so to date. Thereby, the Defendant failed to comply with the provisions of *15 U.S.C.S. 1681i(c)*.

23. Upon direct notification of Plaintiff's dispute of the accuracy of the information contained in her credit report, the Defendant failed to correct the Plaintiff's credit report by deleting the disputed item of information from the Plaintiff's credit report, despite the fact that a copy of a check paid was attached supporting the inaccuracy of the information. Thereby, the Defendant failed to comply with the provisions of *15 U.S.C.S. 1681i(a)(1)(A)*.

24. As a result of the Defendant's failure to comply with the provisions of the Fair Credit Reporting Act, described in the preceding paragraphs, Plaintiff has suffered damages, including but not limited to, actual damages, out of pocket losses, injury to creditworthiness and reputation, embarrassment, humiliation and mental distress. Thus, Plaintiff is entitled to recover costs and attorney's fees from the Defendant, in an amount to be determined by the Court pursuant to *15 U.S.C.S 1681o*.

25. Further, the Defendant's willful noncompliance with the Fair Credit Reporting Act, *15 U.S.C.S. 1681i(c) and 15 U.S.C.S. 1681i(a)*, and knowing and intentional disregard for Plaintiff's consumer rights necessitates the imposition of punitive damages under *15 U.S.C.S. 1681n*.

## COUNT THREE

### DEFENDANT'S FAILURE TO NOTIFY THE PLAINTIFF OF AN INVESTIGATION RESULT

26. Plaintiff restates and incorporates each and every allegation contained in Paragraphs 1 through 25, above, as if expressly rewritten herein.

27. Upon direct notification of Plaintiff's dispute of the accuracy of the information contained in her credit report, the Defendant failed to notify the Plaintiff of a

determination regarding the reinvestigation of the disputed information. Thereby, the Defendant failed to comply with the provisions of *15 U.S.C.S. 1681i(a)(3)(B)*.

28. As a result of the Defendant's failure to comply with the provisions of the Fair Credit Reporting Act, described in the preceding paragraphs, the Plaintiff has suffered damages, including but not limited to, actual damages, out of pocket losses, injury to creditworthiness and reputation, embarrassment, humiliation and mental distress. Thus, Plaintiff is entitled to recover costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to *15 U.S.C.S 1681o*.

29. Further, the Defendant's willful noncompliance with the Fair Credit Reporting Act, *15 U.S.C.S 1681i(a)*, and knowing and intentional disregard for Plaintiff's consumer rights necessitates the imposition of punitive damages under *15 U.S.C.S. 1681n*.

## COUNT FOUR

## DEFAMATION

30. Plaintiff restates and incorporates each and every allegation contained in Paragraphs 1 through 29, above, as if expressly rewritten herein.

31. The Defendant defamed Plaintiff by repeatedly publishing false and misleading assertions that Plaintiff owed a debt to the Defendant and by expressly and/or impliedly continuing to publish and re-assert the accusation that Plaintiff wrongfully refused to pay said debt.

32. The Defendant published the false representations alleged herein to third parties, including the potential lenders of Plaintiff.

33. As a direct and proximate result of this conduct, action and inaction of the Defendant, the Plaintiff has suffered and will continue to suffer damage by loss of credit;

loss of the ability to purchase and benefit from credit; and mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

    34.    The Defendant's defamation of Plaintiff was intentional, willful and with malice, or wanton and with reckless disregard for truth of said allegations. The Defendant published said defamatory statements without any reasonable basis to believe that Plaintiff was responsible for the account purportedly owed to the Defendant.

    35.    The Defendant's conduct and actions were deliberate, willful, intentional and/or with reckless disregard for the interests and rights of the Plaintiff, such as to justify an award of punitive damages against the Defendant in an amount to be determined by the Court.

    WHEREFORE, Plaintiff moves this Court for the following, against the Defendant, Equifax, Inc.:

    a)    For trial by jury;

    b)    For judgment against Defendant in an amount to be determined by the trier of fact which sufficiently compensates Plaintiff for the emotional and economic damages caused by the actions of the Defendant heretofore complained;

    c)    For reimbursement of her reasonable attorneys fees and costs incurred in prosecution of the complained of claims against the Defendant pursuant to 15 U.S.C. § 1681(n) and/or 15U.S.C. § 1681(o);

    d)    For judgment against the Defendant awarding Plaintiff punitive damages in a sum which will deter the Defendant from engaging in the complained of conduct in the future;

    e)    For her costs herein expended;

  f)  For any and all other relief which may be just and proper.

Dated: September 18, 2008

                Respectfully submitted,

                 /s/ Debra S. Pleatman
                Matthew C. Smith (Ky. Bar #88072)
                Debra S. Pleatman (Ky. Bar #85148)
                For ZIEGLER & SCHNEIDER, P.S.C.
                541 Buttermilk Pike, Suite 5000
                Post Office Box 175710
                Covington, Kentucky 41017-5710
                Phone: (859) 426-1300
                Fax:  (859) 426-0222
                dpleatman@zslaw.com
                msmith@zslaw.com

## **JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all within causes.

                 /s/ Debra S. Pleatman
                Debra S. Pleatman